IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRY LAMAR McCOY**                                                              **PETITIONER**

**4:20-cv-00476 LPR/PSH**

**LAFAYETTE WOODS, Jr.,**
**SHERIFF, JEFFERSON COUNTY**                                           **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I. FACTS

Petitioner Terry Lamar McCoy ("McCoy") filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on May 6, 2020. Docket entry no. 1. Based on a review of his allegations and of publicly available information, McCoy was a

pretrial detainee in the W.C. "Dub" Brassell Detention Center in Pine Bluff.[1]  In his petition, McCoy alleged he has asthma which renders him more vulnerable to contracting COVID-19.  He claimed that respondent Lafayette Woods, Jr. ("Woods"), who is the Sheriff of Jefferson County, was not following proper protocols to protect detainees from contracting the virus.  He also alleged he reported symptoms which were consistent with symptoms of COVID-19, but was not tested or treated for the virus.  For relief, McCoy sought release from custody.  Docket entry no. 1.  In his response, Woods asserted that the case should be dismissed because McCoy failed to exhaust his available state remedies.  Docket entry no. 9.

McCoy filed a notice of change of address on August 5, 2020, which suggested to the Court that he was no longer incarcerated at the Brassell Detention Center. Docket entry no. 14.  The Court directed Woods to file a pleading stating whether McCoy remained incarcerated in Woods' custody, the status of his criminal charges, and whether McCoy had taken steps to exhaust any available state court remedies. Docket entry no. 15.  According to Woods' response to the Court's Order, while McCoy was incarcerated at the time the petition was filed, he has since been released on bond awaiting his February 2021 trial.  Docket entry no. 17.

---

[1] McCoy was charged in Jefferson County Circuit Court, case no. 35CR-18-421, with breaking or entering and theft of property, both Class D felonies.  The case is currently scheduled for jury trial on February 8, 2021.  See https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=35CR-18-421&begin_date=&end_date=.

A court "may take judicial notice of proceedings in other courts of record." *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005). Many of the facts relied on in this Recommendation are based on review of pleadings filed in the state criminal court case pending against McCoy, and this Court takes judicial notice of those facts. The publicly available docket from *State v. McCoy*, Jefferson County Circuit Court No. 35CR-18-421, confirms that McCoy has been released pending his trial. It shows that McCoy's attorney filed a motion on April 9, 2020, seeking his release from custody due to the generalized risk to inmates of contracting COVID-19. On April 28, 2020, the court in the state case entered an order amending the bond setting for McCoy from "no bond" to "a bond in the amount of $30/K secured." On June 1, 2020, the state court entered an order to release McCoy on his own recognizance, finding that McCoy was highly susceptible to contracting the coronavirus if exposed.[2] The docket further reflects the filing of a bail bond for McCoy in the amount of $30,000 on July 15, 2020. It is unclear whether McCoy was released on June 1, or if he was released on July 15 when he posted bond.

An order authorizing alias warrant was issued for McCoy's arrest on July 21, 2020, after he failed to appear for a hearing. Two days later, after his arrest, McCoy again moved to be released on his own recognizance. On July 28, 2020, the state

---

[2] The order appears to have been submitted by McCoy's attorney, and it is not signed by the court. However, a document attached to the order states that the order was granted and electronically signed by the court.

court entered an order setting aside the alias warrant, resulting in McCoy again being released from custody. McCoy's notice of change of address was received in the present case soon after. See docket entry no. 14. For the reasons set forth below, based on the petition, the pleadings filed by Woods, and the pleadings filed in the state criminal matter, McCoy's habeas petition should be dismissed without prejudice.

## II. DISCUSSION/ANALYSIS

A. <u>General.</u>

Although McCoy filed his petition pursuant to § 2254, the Court construes it as one seeking habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3) because McCoy is a pre-trial detainee and is not in custody pursuant to the judgment of a state court. *See Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979)(§ 2241(c)(3) provides jurisdiction to federal courts over state detainee's pre-trial habeas claims); *see also Phipps v. Woods*, 2020 WL 3579389 (E.D. Ark. June 10, 2020), *adopted by Phipps v. Woods*, 2020 WL 3579499 (E.D. Ark. July 1, 2020).[3] A habeas petition filed by a *pro se* petitioner should be construed liberally, and " 'should be construed to encompass any allegation stating federal relief.' " *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994)(quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)).

McCoy's failure to file a § 2241 petition rather than a § 2254 petition is not a

---

[3] McCoy does not meet the requirements for habeas relief pursuant to § 2254 because he is not in custody as a result of a state court judgment. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 1001).

4

basis for this Court to dismiss his petition. The substance of the petition, and not the form, governs how the petition is treated. *See Cook v. New York State Div. Of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) (fact that petitioner invoked § 2241 did not require district court to treat it as a § 2241 petition; if petition should have been brought as a § 2254 habeas petition, the court must treat it as a § 2254, not a § 2241, petition). See also *Bridges v. Bertsch*, 2019 WL 961981 (D. North Dakota Feb 27, 2019)(although petition incorrectly styled as § 2241, court construed it as a § 2254 petition). For these reasons, the Court will consider McCoy's petition to be one filed pursuant to § 2241(c)(3).

### B. Custody Requirement.

For a federal court to have jurisdiction of a § 2241(c)(3) habeas petition, the petitioner must be "in custody." 28 U.S.C. § 2241(c)(3); *Leonard v. Nix*, 55 F.3d 370 (8th Cir 1995)(habeas petition must be filed while the petitioner is "in custody"). Because being "in custody" is a jurisdictional requirement, the Court will first consider whether McCoy meets this requirement in light of his release pending trial.

"[I]t is by now well-settled that the 'use of habeas corpus [is] not ... restricted to situations in which the applicant is in actual, physical custody.' " *Howard v. Warden,* 776 F.3d 772, 775 (11th Cir. 2015)(*quoting Jones v. Cunningham*, 371 U.S. 236, 239 (1963)); *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is subject to severe restraints on his individual liberty is "in custody" for purposes of the

habeas statute. *Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County, California*, 411 U.S. 345 (1973); *Dry v. CFR Court of Indian Offenses of the Choctaw Nation*, 168 F.3d 1207 (10th Cir. 2013). A restraint is considered to be severe if it is not shared by the public generally. *Jones v. Cunningham,* 371 U.S. 236 (1963). Thus, a state defendant released on bail, his own recognizance, or pending trial may meet the "in custody" requirement. *West v. Stahl*, 2007 WL 2337335 E.D. Mo. August 16, 2007 (citing *Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County, California*, 411 U.S. 345 (1973).

State defendants who are obligated to appear as ordered by a court or whose release is contingent on complying with conditions set by a court have been found to be subject to severe restraints on their individual liberty, and therefore "in custody" for purposes of habeas jurisdiction. *See Howard v. Warden*, 776 F.3d 772 (11th Cir. 2015)(petitioner released pending execution of sentence on conditions and obligated to appear as ordered by court is "in custody" within meaning of § 2241(c)(3)); *Jones v. Cunningham* 371 U.S. 236 (1963)(petitioner released on parole under conditions of release is "in custody"); *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207 (10th Cir. 2013)(Choctaw Indians released on own recognizance pending trial by Court of Indian Offenses for the Choctaw Nation were "in custody" for purposes of § 2241(c)(3) because they were obligated to appear for trial at court's discretion); *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294

6

(1984)(petitioner released on own recognizance after conviction vacated on application for a new trial was "in custody" within meaning of habeas statute); *Kolski v. Watkins*, 544 F.2d 762, note 2 (5th Cir. 1977)(petitioner released on own recognizance after arrest was "in custody"); *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2nd Cir. 1976)( petitioner released on own recognizance after indictment "in custody" because he could be ordered to appear before court at any time).

    The Court finds that McCoy was, at the time of filing his habeas petition, and is now, "in custody" as that term has been defined by the courts. While he is currently released from physical custody pending his trial, he is clearly obligated to appear as ordered by the state court. This is evidenced upon review of the publicly available docket in his state case. That review shows that McCoy was released after he posted a $25,000 bond in October of 2018 following his arrest on the pending charges. Because McCoy failed to appear for an Omnibus Hearing on March 7, 2019, the state court issued an order authorizing his arrest. After he was arrested in May 2019, McCoy stayed in physical custody in Jefferson County until his release on bond in July of 2020. He was again arrested for failure to appear for a motion to withdraw hearing but again released when the state court set aside the warrant. Although not currently in physical custody, it is clear that McCoy is subject to severe restraints on his individual liberty that are not shared by the public generally. He is therefore "in

custody," and this Court has jurisdiction over his habeas case.

### C.  Exhaustion of State Remedies.

Respondent Woods contends that McCoy has failed to exhaust available state remedies, and this case should therefore be dismissed for that reason.  Exhaustion of available state court remedies is ordinarily required before a petitioner can  seek federal habeas relief.  28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement applies to § 2241 petitions in which the petitioner is in custody pending a state court trial, and it affords the state courts the opportunity to address and correct any constitutional errors before federal courts intervene.  *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981).

In order to fully exhaust state remedies, a petitioner must "fairly present[] his federal constitutional claims to the state court." *McCall v. Benson*, 114 F.3d, 754, 757 (8th Cir. 1997).  The petitioner has the burden of proving that all available state remedies have been exhausted, or that exceptional circumstances exist that would excuse the exhaustion requirement.  *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

While McCoy  has the burden of showing that his available state remedies have been exhausted, he offers no evidence or argument to suggest he has exhausted such remedies by pursuing them to resolution with the highest available state court. However, a review of the publicly available docket and pleadings filed in the state

court case indicates that McCoy filed a motion on April 9, 2020 seeking release because of the risk of contracting COVID-19. The state court granted that motion on June 1, 2020.[4] Thus, McCoy filed a motion in his state court case successfully asserting the very COVID-19 claims he makes in this case. And because McCoy obtained his requested relief in the state circuit court case, e.g., his release, he was not required to pursue the remedy he sought to a higher court - he got what he asked for. The Court therefore finds that McCoy fairly presented his federal constitutional claim to resolution in the state court case and exhausted his state court remedies. Thus, the Court finds Woods' claim that McCoy did not exhaust state remedies without merit, and does not recommend dismissal for that reason. The Court, however, does recommend dismissal for the reasons stated below.

D. Abstention.

While federal courts may have jurisdiction over pre-trial habeas petitions such as this, they are "reluctant to grant pre-trial habeas relief." *Neville*, 611 F.2d at 675. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). Thus, if the issue can be brought before and

---

[4]McCoy's federal habeas case was filed on May 6, 2020 while he was still incarcerated at the Brassell Detention Center. Docket entry no. 1.

resolved by the state court, or other state procedures are available to the petitioner, federal courts should decline jurisdiction. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

Application of these principles supports the Court's abstaining from the exercise of jurisdiction in this matter. The constitutional issue McCoy asserts can be **and has been raised and resolved** in the state court case. McCoy was able to pursue his COVID-19 challenges to his pre-trial detention in state court successfully. And the Court finds no extraordinary circumstances that would warrant its interference with a pending state criminal case under these circumstances. See *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).

### III.  CONCLUSION

Therefore, for the reasons stated herein, the Court recommends that McCoy's petition for writ of habeas corpus be dismissed without prejudice. The Court also recommends that a certificate of appealability be denied.

IT IS SO RECOMMENDED this 2nd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE